UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Johnathan T.,<br><br>                              Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security<br><br>                              Defendant. | Case No.:  3:26-cv-00212-JO-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**[ECF No. 19]** |

Before the Court is the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act ("EAJA").  (ECF No. 19.) For the reasons set forth below, the Court **GRANTS** the parties' Joint Motion.

## I.     BACKGROUND

On January 14, 2026, Plaintiff Johnathan T. ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for disability insurance benefits and supplemental security income under the Social Security Act, Title II and Title XVI, issued by the Commissioner of Social Security (the "Commissioner"). (ECF No. 1.)  On March 16, 2026, the Commissioner filed the administrative record.  (ECF Nos. 8, 9.)  On May 27, 2026, the Court reversed the decision of the Commissioner and

remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF No. 17.)  The Clerk of Court promptly entered final judgment in favor of Plaintiff.  (ECF No. 18.)

On June 3, 2026, the parties filed the instant Joint Motion requesting the Court award Plaintiff attorney's fees and expenses in the amount of $9,200.00 pursuant to 28 U.S.C. § 2412(d) and no costs under 28 U.S.C. § 1920. (ECF. No 19 at 1.)  The amount "represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action."  (*Id.*)

## II.   THRESHOLD ISSUE OF TIMELINESS

The prevailing party is eligible to seek attorney's fees within thirty (30) days of final judgment in an action.  28 U.S.C. § 2412(d)(1)(B).  "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal."  *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted) (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993)).  Under Federal Rule of Appellate Procedure 4(a)(1)(B), if one of the parties to the action is a United States officer sued in an official capacity, the time for appeal expires sixty (60) days after entry of judgment.  Fed. R. App. P. 4(a)(1)(B).  Therefore, a motion for attorney's fees filed after a sentence four remand is timely when filed within thirty (30) days after Rule 4(a)'s appeal period has expired.  *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

Even when the appeals period has not yet run, an application for EAJA attorney fees is timely, as long as ". . . (1) the applicant files *no more than* 30 days after final judgment, and (2) the applicant is able to show that he or she 'is a prevailing party and is eligible to receive an award under this subsection.'" *Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986) (emphasis added) (quoting 28 U.S.C. § 2412(d)(1)(B)). *See also Schaefer,* 509 U.S. at 302 ("An EAJA application may be filed *until* 30 days after a judgment becomes 'not appealable' – i.e., 30 days after the time for appeal has ended.") (emphasis added).  In *Auke Bay*, the Appellate Court clarified that an

application for EAJA fees filed before final judgment is nonetheless timely where "a court order substantially grants the applicant's remedy before final judgment is entered." *Auke Bay*, 779 F.2d at 1393. *See also Sergio C. v. Kijkazi,* No. 3:20-cv-02770-AHG, 2022 WL 1122847, at \*2 (S.D. Cal. Apr. 14, 2022) (applying *Auke Bay* to conclude plaintiff's EAJA fee application in a Social Security case was not premature because the court remanded for payment of benefits, notwithstanding the application being filed before the sixty (60) day appeal period had run).

This Court entered judgment remanding the matter for additional administrative proceedings on May 27, 2026. (ECF No. 17.) Judgement was entered on May 28, 2026. (ECF No. 18.) On June 3, 2026, the parties filed the Joint Motion, five (5) days after judgment was entered, and well before Rule 4(a)'s 60-day appeal timeline had expired. (ECF No. 19). The judgment provided the substantial relief prayed for in Plaintiff's Complaint—remand to the Social Security Administration and Judgment for Plaintiff. (ECF Nos. 1, 18.) Thus, before the judgment became final, the Court substantially granted Plaintiff's remedy. Accordingly, the Court finds the Joint Motion timely.

## III.   DISCUSSION

Under the EAJA, a litigant is entitled to attorney's fees under the EAJA only if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A). Additionally, the net worth of the prevailing party must "not exceed $2,000,000 at the time the civil action was filed." 26 U.S.C. § 2412(d)(2)(B); *see also United States v. 88.88 Acres of Land*, 907 F.2d 106, 107 (9th Cir. 1990).

The Court will address each of the requirements in turn.

///

///

///

3

## A.    Prevailing Party

Under 42 U.S.C. § 405(g), "[a] plaintiff who obtains a sentence four remand," even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan*, 296 F.3d at 854 (citing *Schaefer*, 509 U.S. at 301-02). Here, the Court entered judgment in favor of Plaintiff, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings. (ECF Nos. 17, 18.) Therefore, Plaintiff is the prevailing party.

## B.    Substantial Justification

The Commissioner bears the burden to prove that his position, in both the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. § 2412(d)(1)(A). *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the instant fee request comes to the Court by way of a joint motion; the Commissioner makes no argument that his position was substantially justified. (ECF No. 19.) *See Black v. Berryhill,* No. 18cv1673 JM (LL), 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2029) (finding the second element met "in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified."). Accordingly, the Commissioner has not met his burden of showing his position was substantially justified or that special circumstances make an award unjust.

In their Joint Motion, the parties agree that "[t]his stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise." (ECF. No. 19 at 1-2.) However, such language does not change the nature or circumstances of the instant request. Despite the disclaimer, "the compromise nature of the request is sufficient to find the second element met, given that 'Defendant has stipulated to the attorney fees and does not argue that the prevailing party's position was substantially unjustified.'" *Dana F. v. Kijakazi,* No. 3:20-cv-01548-AHG, 2022 WL 542881, at *2 (S.D. Cal. Feb. 23, 2022) (quoting *Krebs v. Berryhill*, No. 16-CV-3096 JLS (BGS), 2018 WL

26-cv-00212-JO-JLB

3064346, at *2 (S.D. Cal. Jun. 21, 2018)).  Thus, the Court finds that Plaintiff meets the substantial justification requirement.

### C.   Net Worth of the Prevailing Party

The EAJA makes an individual ineligible for attorney fees if his "net worth exceeds $2,000,000 at the time the civil action was filed."  26 U.S.C. § 2412(d)(2)(B); *see also 88.88 Acres of Land*, 907 F.2d at 107.  Here, Plaintiff asserts that his net worth did not exceed $2 million at the time of filing.  (ECF No. 19-2 ¶ 4.)  Accordingly, Plaintiff meets the EAJA net worth requirement.

### D.   Reasonableness of Hours

The parties seek an award of 35.4 hours billed by Plaintiff's counsel, Francesco Benavides and Elizabeth Landgraf, and 3.5 hours billed by Plaintiff's counsel's paralegal. (ECF No. 19-1 at 1-2.)  The Court finds the number of hours billed by Plaintiff's counsel reasonable, but a small reduction in the number of hours billed by Plaintiff's counsel's paralegal is warranted.  *See* U.S.C.§ 2412(d); *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reiterating that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees because the payoff is too uncertain. [] As a result, courts should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case.") (internal quotation omitted).

Beginning with the attorney hours billed on this matter, Plaintiff's counsel lists a total of 35.4 hours of attorney work, at a rate of $258.46 per hour.  (ECF No. 19-1 at 1.) "Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."  *Costa*, 690 F.3d at 1136; *see also Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").  The Court finds the 35.4 total hours billed by Plaintiff's counsel to be reasonable, especially in light of Plaintiff's results in the case.  *See Darren Jeffrey C. v. Kijakazi*, No. 3:21-cv-01012-AHG, 2022 WL 17826795, at *2 (S.D. Cal. Dec. 20, 2022) (finding 51.5 total hours requested reasonable

where the Court granted the plaintiff's merits brief, reversed the decisions of the Commissioner, and remanded the matter for further proceedings).

Next, the Court turns to the asserted 3.5 hours of paralegal work on this matter.[1] (ECF. No. 19-1 at 2.)  Under the EAJA, attorney's fees "should not be awarded for work on merely clerical tasks," including when completed by paralegals.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 fn. 10 (1989).  Purely clerical tasks include "filing, transcript, and document organization."  *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *see also Rosemary G. V. v. Saul*, No. 3:19-cv-00715-RBM, 2020 WL 6703123, at *4 (S.D. Cal. Nov. 12, 2020) ("Receipt of a court order or case filing is also clerical in nature.") (internal citations omitted).  The Court finds that the time spent by Plaintiff's counsel's paralegal on March 16, 2026, to "[d]ownload and compile eCAR," and on March 24, 2026, to "[r]eview scheduling order, create case calendar," are clerical tasks, and are therefore not compensable under the EAJA.  *See Nadarajah*, 569 F.3d at 921 (holding that "filing, transcript, and document organization time was clerical in nature" and therefore not compensable under the EAJA); *Doran v. Vicorp Rests., Inc.*, 407 F.Supp.2d 1120, 1125 (C.D. Cal. 2005) (noting "calendaring court dates" is clerical and reducing the fee award); *Soler v. Cnty. of San Diego*, No. 14cv2470-MMA (RBB), 2021 WL 2515236, at *10 (S.D. Cal. June 18, 2021) (identifying "time spent scheduling ... [as] clerical tasks non-compensable at any billing rate").  This determination requires the Court to reduce the requested paralegal hours by 0.9 hours, to a total of 2.6 hours.

---

[1]  The following entries are entered as paralegal hours on this matter: (1) 1/7/2026, prepare email and send to client with engagement agreement and fee waiver form, 0.5 hours; (2) 1/14/2026, draft and file complaint and associated documents with district court, 1.3 hours; (3) 3/16/2026, download and compile eCAR, 0.6 hours; (4) 3/24/2026, review scheduling order, create case calendar, 0.3 hours; (5) 5/28/2026, prepare and send emails to client and administrative attorney with Court order and judgment, 0.5 hours; and (6) 6/1/2026, prepare itemization of hours, 0.3 hours.

26-cv-00212-JO-JLB

After reducing the paralegal hours, 38 billed hours of attorney and paralegal time remain.  This is within the typical range, and the Court determines that the hours are reasonable.  *See Darren Jeffrey C,* 2022 WL 17826795, at \*2.

### E.       Reasonableness of Hourly Rates

The EAJA provides that courts may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  The statutory maximum EAJA rate for attorney work performed in 2025 in the Ninth Circuit, factoring in increases in the cost of living, was $258.46.  *See* UNITED STATES COURTS FOR THE NINTH CIRCUIT, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ce9.uscourts.gov/criminal-justice-act/statutory-maximum-rates/ (last visited June 25, 2026).  Here, Plaintiff's counsels' hourly rate matches the Ninth Circuit's EAJA hourly rate exactly.  (ECF No. 19-1 at 1.)  Accordingly, the Court finds that the hourly rate billed by counsel is reasonable.  *See Roland S. v. Saul*, No. 3:20-cv-01068-AHG, 2021 WL 4081567, at \*3 (S.D. Cal. Sept. 7, 2021) (finding hourly rates consistent with the Ninth Circuit's EAJA rates to be reasonable.).

The Court finds that Plaintiff's paralegal rate is reasonable.  Plaintiff assigns an hourly rate of $125.00 for paralegal work. (ECF No. 19-1 at 2.)  Under the EAJA, paralegal fees should be awarded at prevailing market rates.  *Nadarajah*, 569 F.3d at 918.  District courts in the Southern District of California have found an hourly rate of $143.00 reasonable for paralegals.  *See Deshawntha J. v. O'Malley*, No. 24-cv-00301-JLB, 2024 WL 3330602, at \*2 (S.D. Cal. July 8, 2024) (imposing a rate of $143.00 per hour for work performed by paralegal); *Rudy T. v. O'Malley*, No. 24-cv-00719-JLB, 2024 WL 4469105, at \*3 (S.D. Cal. Oct. 9, 2024) (setting the paralegal rate to $143.00 per hour); *Tammy G. v. Dudek*, No. 24-cv-01214-JLB, 2025 WL 1002476, at \*3 (S.D. Cal. 2025) (allowing a

paralegal rate of $143.00 per hour).  In accordance with the accepted local rate, the Court accepts the requested paralegal rate of $125.00 per hour.

### F.  Assignment of Rights to Counsel

The parties jointly request that "fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Plaintiff's attorney."  (EFC No. 19 at 2.)  "[A] § 2412(d) fees award is payable to the litigant and is therefore subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).  However, this "does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu v. Berryhill*, No. 17-cv-01087-GPC-JLB, 2018 WL 2012330, at *4 (S.D. Cal. Apr. 30, 2018). Here, Plaintiff assigned his EAJA fees to his attorney through the Law Offices of Francesco Benavides.  (ECF No. 19 at 2.)  Therefore, if Plaintiff has no federal debt that is subject to offset, the award of fees and costs may be paid directly to attorney Francesco Benavides, pursuant to the assignment agreement and the parties' Joint Motion.

## IV.  CONCLUSION

Considering the Court's reductions as described above, the maximum amount Plaintiff could recover under the EAJA is $9,474.48.[2]  In the parties' Joint Motion, the overall amount Plaintiff seeks to recover has been reduced to $9,200.00.  As Plaintiff is seeking an amount that is less than what he is entitled to recover, the Court **GRANTS** the

///

///

///

---

[2]  The $9,474.48 is calculated as follows: 35.4 hours of attorney work at a rate of $258.46 per hour, for a total of $9,149.48; and 2.6 hours of paralegal work at a rate of $125.00 per hour, for a total of $325.00.

26-cv-00212-JO-JLB

parties' Joint Motion. The Court hereby **AWARDS** attorney fees in the amount of $9,200.00. (ECF No. 19.)

　　　**IT IS SO ORDERED.**

Dated:　July 2, 2026

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge